UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13 CR 78 |
| | ) | |
| GEORGE JAMES BLACK | ) | |

OPINION and ORDER

This matter is before the court on defendant George Black's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 49.) For the reasons that follow, the motion will be denied.

I. BACKGROUND

In November 2013, following his guilty plea, Black was sentenced to a 120-month term of imprisonment, to be followed by a three-year term of supervised release, for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). (DE # 24.) Black is currently incarcerated at FCI Sheridan, in Sheridan, Oregon. Black is 60 years old and has a projected release date of September 26, 2021. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 28, 2020).

On July 27, 2020, Black filed a motion for early release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 49.) Black claims that his age, heart condition,[1] high cholesterol, and high blood pressure, place him at higher risk of serious illness were he to contract COVID-19, and this risk constitutes an extraordinary and compelling reason

---

[1] Black states that he was born with a defective heart valve and has had open heart surgery to repair the valve. (DE # 60 at 2.) It is not clear from his motion whether he currently has any heart conditions.

justifying his early release from prison. (DE # 60.)

Pursuant to this court's General Order 2020-11, the undersigned referred Black's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Black may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 53.) After reviewing Black's case, the FCD filed a notice of non-representation, stating that they would be unable to assist Black. (DE # 54.) The Government opposes Black's motion. (DE # 56.) Black filed a reply in support of his motion. (DE # 60.) This matter is now ripe for ruling.

## II. ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a

defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Black has submitted an affidavit stating that he submitted a request for compassionate release to the warden of his facility on April 15, 2020. (DE # 58.) He states that he followed up on his request on April 27, 2020, and was informed that his request was being processed. (*Id.*) He also submitted a copy of an email in which he again attempts to follow-up on his request. (DE # 60-1 at 1.) According to Black, he could no longer access his request for compassionate release after 60 days, and therefore could not provide a copy of his original request to the court. (*Id.*) Counsel for the government represents, with no supporting affidavit, that the BOP has not received any request for compassionate release, and argues that Black has failed to establish that he exhausted his administrative remedies. (DE # 56 at 5.)

To determine whether the court may set to the side the more complicated issue of exhaustion, and proceed to the simpler issue of the merits, the court must determine whether § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional. District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Thus, there is an important distinction between a rule that is a jurisdictional requirement (governing a court's adjudicatory capacity) and one that is a claim-processing rule (mandating that parties take certain procedural steps at specified

3

times). *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). In *Arbaugh v. Y&H Corp.*, the Supreme Court adopted a "bright line" test for classifying a statutory rule as jurisdictional. 546 U.S. 500, 515–16 (2006). A rule qualifies as jurisdictional if "Congress has 'clearly stated' that the rule is jurisdictional; absent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional in character.'" *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (quoting *Arbaugh*, 546 U.S. at 515–16).

The Seventh Circuit has not decided whether § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional. However, the Circuit has held that a failure to meet the requirements of § 3582(c)(2) did not prevent a court from having jurisdiction over a motion made under that subsection. *United States v. Taylor*, 778 F.3d 667, 671 (7th Cir. 2015) (Section 3582(c)(2)'s statutory criteria created a non-jurisdictional case processing rule and thus "district courts have subject-matter jurisdiction over . . . a § 3582(c)(2) motion even when authority to grant a motion is absent because the statutory criteria are not met."). The Court in *Taylor* noted that § 3582(c) is not part of a jurisdictional portion of the criminal code and is not phrased in jurisdictional terms. *Id.* at 671. Courts in this district have relied on *Taylor* in determining that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional. *See e.g. United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020).

Following the reasoning in *Taylor*, this court finds that Congress did not clearly

4

mark the exhaustion requirement of § 3582(c)(1)(A) as jurisdictional, and therefore it is a claim-processing rule, not a jurisdictional rule. Thus, the court can adjudicate defendant's motion regardless of whether the exhaustion requirement is satisfied. In this case, the court need not resolve the issue because defendant has not shown extraordinary and compelling reasons for a reduction in his term of imprisonment. *See e.g. Council*, 2020 WL 3097461, at *5 (declining to resolve exhaustion issue where compassionate relief was not warranted); *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020) (same).

**2.     Extraordinary and Compelling Reasons**

The court is only authorized to grant Black's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a

5

reduction in the defendant's term of imprisonment.[2] U.S.S.G. § 1B1.13 cmt. n.1.

The spread of COVID-19 has presented unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Black argues that his age, heart condition, high blood pressure, and high cholesterol, place him at an increase risk of serious illness, were he to contract COVID-19. The CDC has identified age as a risk factor for severe illness, complications, and death from COVID-19. *Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last visited Sept. 28, 2020) (reporting that a study from China found that the case fatality rate was 3.6% in those 60-69 years old, and a U.S. study found that the case fatality rate was 1%-3% in those 55-64 years old). The CDC also reports that "serious heart conditions . . . may put people at higher risk for severe illness from COVID-19." *Id.* Furthermore, the CDC reports, "[p]eople with hypertension may be at an increased risk for severe illness from COVID-19 and should continue to take their medications as prescribed. At this time, people whose only underlying medical condition is

---

[2] The court notes that § 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

hypertension are not considered to be at higher risk for severe illness from COVID-19." *Id.* Black states that he is currently on medication for high blood pressure and high cholesterol. (DE # 60 at 3.)

While Black may be at an increased risk were he to contract COVID-19, it appears that the BOP has effectively controlled the spread of COVID-19 at the facility where Black is incarcerated. FCI Sheridan currently has zero inmate or staff cases of COVID-19 at its facility. There have been zero inmate or staff deaths due to the virus. Five inmates at the facility have recovered from COVID-19. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 28, 2020).

Under the circumstances, the court cannot say that defendant's medical conditions and the present COVID-19 pandemic provide an extraordinary and compelling reason warranting compassionate release. Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to Black's situation and his concern about potentially becoming infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason to justifying his early release, particularly because it appears that the virus has been effectively controlled at his facility. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v.*

7

*Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, his motion will be denied.

### 3. Appointment of Alternative Counsel

Black has also filed a motion for the appointment of alternative counsel. (DE # 57.) Under the Criminal Justice Act, "a court must appoint counsel for an indigent criminal defendant when the sixth amendment so requires, *see* § 3006A(a)(1)(H), and may appoint counsel to pursue relief under 28 U.S.C. §§ 2241, 2254, or 2255, *see* § 3006A(a)(2)(B), but neither subparagraph applies to a motion under § 3582. It is not part of a criminal prosecution or a form of collateral attack[.]" *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Thus, prisoners who seek early release from prison are not entitled to receive counsel at public expense – though a district court may appoint counsel at its discretion. *See id.* (discussing § 3582(c)(2)); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020) (same).

Black's motion for the appointment of alternative counsel will be denied. The court has reviewed Black's filings and finds that he was able to adequately – if unsuccessfully – present his arguments without requiring the assistance of counsel.

8

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for appointment of alternative counsel (DE # 57) and **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 49).

**SO ORDERED.**

Date: October 5, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT